*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ALVARO LOPEZ-LEMUS, | : | |
| | : | Civil Action No. 15-7832 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILES, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 challenging Petitioner's continued detention during the pendency of his removal proceedings. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition.

**I. BACKGROUND**

Petitioner, Alvaro Lopez-Lemus, is a native and citizen of Guatemala who entered this country illegally at an unknown time and place. (ECF No. 1 at 11). Petitioner was taken into immigration custody on June 20, 2015. (*Id.* at 6). Petitioner thereafter received a bond hearing over the course of several appearances before an immigration judge, which ultimately resulted in the denial of bond on July 29, 2015, based on the immigration judge's determination that Petitioner was a danger to the community. (*Id.* at 11-12). The immigration judge apparently reached that

conclusion after reviewing Petitioner's June 18, 2015, guilty plea to "aggravated driving while intoxicated [based on] a blood alcohol content in excess of .18%." (*Id.*).

Petitioner thereafter filed an application for a redetermination of custody/bond pursuant to 8 C.F.R. § 1003.19(e). (*Id.* at 11). On August 25, 2015, the immigration judge in charge of Petitioner's removal proceedings denied that application as Petitioner had failed to show by "clear and convincing evidence that his release would not pose a danger to property or persons." (*Id.* at 12). On September 2, 2015, Petitioner appealed to the Board of Immigration Appeals ("BIA"), arguing that the immigration judge had abused his discretion in finding that Petitioner was a danger to the community in denying Petitioner bond during the redetermination of custody. (*Id.* at 6). The BIA denied Petitioner's appeal. (*Id.*). Petitioner did not seek review by the Second Circuit Court of Appeals. (*Id.*). Petitioner thereafter brought the instant habeas petition requesting that "a bond be set in [his] case to allow [him] to proceed with [his] case." (*Id.* at 9).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule

2

1(b), this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

B.  Analysis

Petitioner seeks for this Court to redetermine his custody status based on his disagreement with the immigration judge's determination that he is not entitled to bond following both an initial bond hearing and a redetermination of custody, which was affirmed by the BIA on appeal. Petitioner does not argue that he was denied a bond hearing, nor does he assert that the bond hearing was in any way improper, he asserts only his disagreement with the immigration judge's determination. Pursuant to 8 U.S.C. § 2241, however, this Court may order a bond hearing only where a "bond hearing was conducted unlawfully, or where the petitioner has erroneously been denied a hearing." *Khabibov v. Aviles*, No. 15-1298, 2015 WL 3492512, at *4 (D.N.J. June 2, 2015). Where a petitioner has received a proper bond hearing, this Court "does not have the power to second-guess the substance of a discretionary bond determination [by] the [immigration judge]." *Id.*; *see also* 8 U.S.C. § 1226(e); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at 3 (D.N.J. Mar. 24, 2015); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013); *Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *3 (D.N.J. Jan. 28, 2013). Here, Petitioner seeks to have this Court reject the substance of the determinations of the immigration judge and the BIA during his bond hearing, redetermination of custody, and appeal.

As Petitioner does not assert that the hearings were in any way conducted unlawfully, but instead challenges only the substance of the immigration judge's discretionary bond determination, this Court does not have the authority to grant Petitioner the relief he seeks.   As such, this Court will dismiss Petitioner's petition for a writ of habeas corpus.

### III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed.   An appropriate order follows.


Dated: November 3, 2015                                         _s Susan D. Wigenton_____
                                                                Hon. Susan D. Wigenton,
                                                                United States District Judge